IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA

                Plaintiff                    Case No. 3:06-cr-0179(1)(2)

-VS-                                    Judge Thomas M. Rose

DONNELL LETEL COOK
MICHAEL DWAYNE WILLIAMS

                Defendants

_____

ENTRY AND ORDER DENYING DEFENDANTS' MOTIONS TO SUPPRESS

_____

This matter comes before this Court pursuant to Motions to Suppress filed by co-Defendants, Donnell Letel Cook and Michael Dwayne Williams. Defendant Cook filed his Motion (Doc. #24) on November 21, 2006 while Defendant Williams filed his Motion (Doc. #27) on November 28, 2006. The Court conducted a hearing on said motions on July 25, 2007. A transcript of said hearing was filed followed by Memorandums in Support filed by Defendant Cook (Doc. #39) on September 9, 2007 and Defendant Williams (Doc. #40) on September 26, 2007. The Government filed a Response (Doc. #43) to both Defendants' Motions on October 16, 2007.

Defendants' Motions move this Court for an Order suppressing any and all physical evidence seized or taken by law enforcement, including any statements made by Defendants. The Defendants direct their motions at the search conducted by law enforcement, on August 24, 2006, at 295 Pine Ridge Avenue, Dayton, Ohio and subsequent seizures they allege were in violation of the 4th, 5th and 14th Amendments and pray that any evidence should be suppressed as "fruit of the poisonous tree". *Wong v. United States* (1963) 371 U.S. 471 and *Mapp* v. Ohio (1961) 367 U.S. 643.

## FACTS

On August 7, 2006, Detective Diane Taylor, a detective with the Montgomery County Sheriff's Department received information of drug trafficking by way of a phone call from a confidential informant (Trans. P. 3-5).  This confidential informant was known to Detective Taylor, due to the fact that the detective had dealt with this informant on numerous occasions over a two to three year period and testified that she had found the informant to be reliable when said informant had previously assisted the detective on drug cases (Trans. P. 5, 29).  In this situation, Detective Taylor testified that the information which she received from the informant was detailed and specific.  It was related, by the informant, that a subject going by the name of "Pook" was illegally selling drugs in Harrison Township, Ohio and that the informant purchased crack cocaine from this "Pook" and a "Mr. Williams" on numerous occasions at 295 Pine Ridge Avenue, Harrison Township, Ohio. (Trans. P.6).

Two days later, August 9, 2006, the informant made a controlled buy at the Pine Ridge address under the direction and supervision of Detective Taylor (Trans. P. 7-8).  As part of and prior to the controlled buy the informant was patted down and the vehicle used by the informant was searched for contraband.  The informant was under surveillance at all times prior to entering and after leaving the  residence at 295 Pine Ridge Avenue, Apartment B, Harrison Township, Ohio.  The alleged transaction, although it took place inside the residence at 295 Pine Ridge, was monitored by wire until the informant exited and turned over crack cocaine to law enforcement (Trans. P. 7-8).

On August 14 and then again on August 21, 2006, two additional controlled buys were conducted by the same informant under similar procedures and supervision.  These controlled buys also occurred at the 295 Pine Ridge Avenue address.

Additionally, on the date of the third controlled buy, August 21, 2006, the informant was shown a picture of Defendant Cook, who he/she identified as the individual known as "Pook" (Trans. P. 12).

Based upon the information obtained by Detective Taylor from the confidential informant and the three controlled buys at 295 Pine Ridge Avenue address, a search warrant was prepared for that address by Detective Taylor and authorized by Judge Cynthia M. Heck, Vandalia Municipal Court.

## ANALYSIS

The Defendants argue (1) that the search warrant obtained by Detective Taylor was not issued by a neutral and detached Magistrate, and (2) the search warrant was unsupported by a sufficient affidavit.

As to the first argument, the Defendants point out to the Court that the Judge who authorized the search warrant is married to the Montgomery County Prosecutor.  However, as the Government points out, other than this relationship and other bare allegations, the Defendants have no record in support of their contention that Judge Heck was anything but a neutral and detached Magistrate in the consideration of the issuance of this search warrant.  Even in light of their argument, the Defendants admit they do not challenge the Judge's credibility or the veracity in which she dispenses justice.  Without a record, evidence or authority the Court would find the assertion that the Judge is was not neutral or detached in considering the issuance of the search warrant not well taken.

Defendants' second argument is that the search warrant at issue was not supported by probable cause in that there were insufficient facts to justify the issuance of the warrant.  In this case, the Court finds that the information received from the confidential source and the additional three controlled buys did provide the probable cause needed for the issuance of the warrant.

Although the Defendants point out that much of the information relied upon by the Court was confidential informant hearsay, a judge may rely on hearsay evidence.  *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999).  Detective Taylor in her affidavit provided the basis for her belief that the informant was reliable.  In evaluating such evidence, the Court considers the veracity, the reliability and the basis of knowledge for the information.  An affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable.  *United States v. Greene*, 250 F.3d 471, 480 (2001).  In this case, the Court finds the affidavit accompanying the search warrant request was sufficient to meet the probable cause standard.

The Court would also conclude that even if the affidavit had not met the probable cause standard, the "good faith" exception to the exclusionary rule would apply.  Under *United States v. Leon*, 468 U.S. 897 (1984) evidence need not be suppressed when it is obtained through objective good faith reliance on a facially valid warrant even if it would be later found to lack

probable cause.

In this case, the Court finds the affidavit contained no knowingly or recklessly false information or that the Judge acted as a rubber stamp for law enforcement.  As discussed previously, this affidavit did provide the Judge with a substantial basis for determining the existence of probable cause.  It provided numerous factors from the confidential informant and the controlled purchases supporting probable cause.  This affidavit provided the Judge much more than suspicion, beliefs and conclusions which make up what the Sixth Circuit considers a "bare bones" affidavit.  *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996).  This affidavit provided underlying factual circumstances regarding veracity, reliability and basis of knowledge.

Great deference should be given to a issuing magistrate's determination of probable cause.  *Illinois v. Gates*, 462 U.S. 213, 236 (1983).  The duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding probable cause existed.  A warrant should be upheld when the affidavit shows the circumstances which could support a determination that evidence for a federal crime will probably be found in the place to be searched.  *United States v. Hatfield,* 599 F. 2d 759, 761 (6th Cir. 1979).

In this situation, the Court concludes the affidavit did meet the probable cause standard in that the Judge had a substantial basis for finding probable cause and/or that the officers were acting under the reasonable assumption they were within the law.

Defendants' Motions to Suppress are therefore OVERRULED.

November 25, 2007                                  *s/THOMAS M. ROSE

                                                   _____

                                                   THOMAS M. ROSE, JUDGE
                                                   UNITED STATES DISTRICT COURT